article sold is an imitation or adulteration of some standard article of food, and that the burden is upon the people to show that the article sold is an imitation or a deleterious adulteration of some article of food. There is no proof here that the article sold was an imitation, or that it was injurious to the public health. It was sold as a salad dressing, and to bring it within the law requiring a statement of its constituent parts it seems to me there should be proof showing that there is some standard merchantable salad and that the article sold is not that article. So far as the proof shows, it may itself be the standard salad dressing.

[2] The object of the law is to prevent deception, and to forbid the sale of inferior or deleterious products without giving the public notice of just what is being sold. There is here no evidence of either. True, it does appear that the bottle sold by the defendant was a mixture of several ingredients, but that is not prohibited by law, unless it is sold as an imitation of some commodity, or is injurious to the public health, and calculated to deceive the public. I do not see how the people's contention here can be upheld without requiring every make of salad dressing to be labeled with the ingredients thereof, because there is no proof of a standard salad dressing, and there is no evidence that any ingredient of this salad dressing is unwholesome, or foreign to true salad dressing. In fact, no standard of true salad dressing was established, and I think the burden of proving that rests with the plaintiff.

Judgment for the defendant, with costs.

---

FAULKNER v. BOARD OF SUP'RS OF WESTCHESTER COUNTY.

(Supreme Court, Special Term, Westchester County. December 8, 1911.)

COUNTIES (§ 67*)—APPOINTIVE POSITIONS—REMOVAL OF INCUMBENT—EXEMPT VOLUNTEER FIREMEN—CIVIL SERVICE.

    The position of assistant engineer in county buildings being a classified one under the civil service law (Consol. Laws 1909, c. 7), and so in the competitive class, when one was temporarily and provisionally appointed thereto, prior to any eligible list having been prepared therefor, he was not protected by section 22, because of being an exempt volunteer fireman, from removal, except after a hearing on such charges.

    [Ed. Note.—For other cases, see Counties, Dec. Dig. § 67.*]

Application by Michael Faulkner for mandamus against the Board of Supervisors of Westchester County. Peremptory writ denied.

Hubbard & McKinley, for relator.
Charles A. Van Auken, for respondent.

TOMPKINS, J. The relator made application to the court at Special Term, for a peremptory writ of mandamus, restraining the board of supervisors of Westchester county from removing him from the position of assistant engineer in the power house of the courthouse buildings at White Plains, in said county. A return was made,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

denying certain allegations of the petition, and thereupon an order was made, granting an alternative writ of mandamus, and the issues raised by the alternative writ and the defendant's return thereto were tried at Special Term.

The facts are substantially admitted. The relator is an exempt volunteer fireman, having served full time in the White Plains volunteer fire department, and received his honorable discharge and exemption certificate. During the year 1909 a new Supreme Court building was in the course of construction at White Plains, in Westchester county, and in order that some parts of the building might be used before it was entirely complete, the heat and power plant was put in operation, and the relator was employed as a fireman to work in said power plant. Later he was appointed as assistant engineer, and continued in that position until the 11th day of July, 1910, when he was displaced by the appointment of another man by the board of supervisors of said county from an eligible list furnished to it by the state civil service commission. The relator's claim is that, as an exempt fireman, he is protected by section 22 of the civil service law, which forbids the removal of one who shall have served the term required by law in a volunteer fire department of any city, town, or village, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges.

The trouble with the relator's claim is that the office to which he was appointed was in the competitive class of the classified service when he was appointed, and that he was not eligible to such appointment, except provisionally; in fact, at that time there was no civil service eligible list from which an appointment could have been made, and the relator was temporarily employed by the courthouse committee of the board of supervisors, first as a fireman, and later as assistant engineer, and worked in those positions while the work of completing the courthouse building was in progress. It seems clear to me that the position of assistant engineer is a classified one under the said civil service law, and is in the competitive class.

In June, 1910, the civil service commission refused to certify the pay roll for the relator beyond June 11th, which was the time when his provisional appointment expired. In July, 1910, the civil service commission submitted to the board of supervisors a list of five names eligible for appointment as assistant engineers, and thereupon the said board regularly appointed a man from said eligible list to take the place that had been filled by the relator (his name not appearing on such eligible list). There never was before an eligible list for that position, and there had never been an appointment made from any civil service list. The relator's appointments were made from time to time by a committee of the board of supervisors, which committee had in charge the work of construction of said courthouse, and which appointments were temporary and provisional only, and so appear upon the minutes of the board. Under these circumstances, it does not seem that the relator is protected by section 22 of the civil service law. If he had held the position when it was placed in the classified service and made a competitive position, or if he had been appointed from an eligible list, under the civil service law, he, being an exempt

volunteer fireman, could not have been disturbed in his position, except after a hearing upon charges; but the position having been in the competitive class prior to his temporary appointment, and he never having been legally appointed except provisionally, he has not been illegally removed or superseded.

A final order must be made denying the relator's petition for a peremptory writ of mandamus, but without costs.